

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-28-2004

# USA v. Marranca

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-3698

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"USA v. Marranca" (2004). *2004 Decisions.* Paper 671.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/671

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 03-3698

UNITED STATES OF AMERICA

v.

SAMUEL J. MARRANCA,

Appellant

On Appeal from the United States District Court
for the Middle District of Pennsylvania
D.C. Criminal Action No. 02-cr-00263
(Honorable James M. Munley)

Submitted under Third Circuit LAR 34.1(a)
April 19, 2004

Before: SCIRICA, *Chief Judge*, GARTH and BRIGHT[*], *Circuit Judges*

(Filed: May 28, 2004)

OPINION OF THE COURT

---

[*]The Honorable Myron H. Bright, United States Circuit Judge for the Eighth Judicial
Circuit, sitting by designation.

PER CURIAM.

Samuel J. Marranca, appeals his conviction and sentence to being a felon in possession of a firearm, 18 U.S.C. § 922(g), and conspiring to commit money laundering, 18 U.S.C. § 1956(h). After the District Court rejected his motion to suppress evidence obtained after the execution of search warrants for his home, business, car, and person, Marranca pleaded guilty pursuant to a plea agreement. The plea agreement reserved Marranca's rights to challenge the District Court's denial of his suppression motion. Marranca appeals the District Court's order denying his motion to suppress evidence and compel the production of information regarding confidential informants under Franks v. Delaware, 438 U.S. 154 (1978). We will affirm.

On May 31, 2001, state and federal law enforcement agents executed the warrants and seized firearms and records incriminating Marranca in a series of fraudulent business transactions as well as money laundering. The underlying basis for the search warrant indicated Marranca was participating in illegal gambling. However, the search produced the illegally possessed firearms and disclosed Marranca's money laundering activities.

The government filed a superceding eighteen count indictment. Marranca filed a pre-trial motion to suppress evidence collected from the warrants. He argued that the searches: (1) omitted dates on which confidential sources made their observations; (2) contained stale information with respect to probable cause; and (3) failed to provide a nexus between the search of Marranca's residence and the alleged illegal activity.

2

Marranca also requested an evidentiary hearing under <u>Franks</u> to establish that the affidavits contained knowingly, false statements. Finally, Marranca moved the court to compel the government to produce the names, addresses, and witness statements of the four confidential informants relied on in the application for the search warrant. The District Court denied the motions.

Marranca entered a conditional guilty plea on two counts, the conspiracy to commit money laundering and unlawful possession of firearms and ammunition, and the government withdrew the other counts. As we have indicated, the plea agreement allowed Marranca to appeal the denial of his motion to suppress. The District Court accepted Marranca's guilty plea, and sentenced him to forty-six months imprisonment, three years of supervised release, special assessment of $200, and restitution of $57,047.34.

Marranca first argues that the search warrants lacked probable cause because they contained stale information. Marranca asserts that the affidavits recount events that occurred months or years prior to the execution of the search warrants. Probable cause to search exists where information suggests that the items sought will be in the location searched. See <u>United States v. Tehfe</u>, 722 F.2d 1114, 1119 (3d Cir. 1983) ("It is not enough that the items may have been at the specified location at some time in the past–there must be probable cause to believe that they are there when the warrant issues.").

3

The affidavits in this case relate the history of a large scale gambling enterprise. However, the affidavits also describe the ongoing and continuous nature of the gambling enterprise and Marranca's current participation in the enterprise. For example, the affidavits describe 174 telephone conversations between July 10, 1999 and May 1, 2001 where Marranca spoke to a known principal of the gambling enterprise. In addition, the affidavits contain information discovered through law enforcement surveillance conducted in April and May 2001, just days before the court approved the search warrant. These facts indicate a current belief that Marranca participated in illegal gambling activities.

As we have stated, "[t]he fact that evidence of the suspected criminal activity continued up through the last weeks before the search strongly suggests that the information in the affidavit was not stale." United States v. Williams, 124 F.3d 411, 421 (3d Cir. 1997). Considering the continuing nature of the gambling enterprise, the District Court properly determined the current nature of the information in the affidavits.

The District Court also did not err in concluding a sufficient nexus existed between Marranca's residence and the alleged criminal activity. The affidavits demonstrated that Marranca took bets, collected gambling records, and held meetings at the Exeter Floral Shop, his place of business. Surveillance established that Marranca made numerous pickups of what appeared to be gambling proceeds and receipts during the day, and that he would take these records to both his places of business and his residence.

4

Because of the recent nature of the information, the District Court did not err in determining that probable cause supported the search warrant. We affirm the District Court's denial of Marranca's motion to suppress.

Finally, Marranca contends the District Court erred in denying him an evidentiary hearing under Franks v. Delaware, 438 U.S. 154 (1978). To be entitled to a Franks hearing, a defendant must show that the affidavit in support of the warrant contained statements or omissions that were deliberately false or demonstrated a reckless disregard for the truth and the challenged statements or omissions were essential to the court's finding of probable cause. Id. at 155-56; United States v. Calisto, 838 F.2d 711, 714 (3d Cir. 1988). Affidavits filed in support of a search warrant are presumptively valid, and a proponent of a Franks hearing must make a substantial preliminary showing to prevent the misuse of such hearings for purposes of discovery or obstruction. Franks, 438 U.S. at 170-71. Specifically, "[t]here must be allegations of deliberate falsehood or of reckless disregard for the truth . . . accompanied by an offer of proof." Id. at 171.

Marranca offered no evidence in support of his request for a Franks hearing, and the District Court accordingly determined that Marranca had failed to make a substantial showing that the affidavits reflected false statements that were made knowingly and recklessly. The District Court committed no error in finding that Marranca was not entitled to a Franks hearing. United States v. Brown, 3 F.3d 673, 678 (3d Cir. 1993).

In the alternative, Marranca contends that even if he is unable to make a

5

substantial preliminary showing on the reckless or intentional withholding of information from the affidavits, the District Court should have conducted an *ex parte*, *in camera* review of the confidential informants' statements to determine whether he was entitled to a <u>Franks</u> hearing. We have previously held that *ex parte*, *in camera* review is unnecessary in instances such as Marranca's. <u>See</u> <u>Brown</u>, 3 F.3d at 680 (holding that "because the defendants' offer of proof failed to show that the affiant was untruthful, the district court did not abuse its discretion in refusing to order disclosure of the informant.").

In anticipation of a <u>Franks</u> hearing, Marranca moved to compel the government to produce the names, addresses, and witness statements of the four confidential informants. Because we determine that the District Court properly denied Marranca's motion for a <u>Franks</u> hearing, it correctly denied the motion to compel as moot.

We will affirm.